BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE A.H. ROBINS CO., INC. "DALKON SHIELD" )    DOCKET NO. 211
IUD PRODUCTS LIABILITY LITIGATION )
                                              )
Volovski, et al. v. A. H. Robins Co., Inc., )
   D. New Jersey, C.A. No. 76-690 )
Kennedy, et al. v. A. H. Robins Co., Inc., )
   D. New Jersey, C.A. No. 77-183 )
Martone, et al. v. A. H. Robins Co., Inc., )
   S.D. Florida, C.A. No. 77-173-SMA )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL,
ANDREW A. CAFFREY AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

       The Panel, pursuant to 28 U.S.C. §1407, previously has transferred several actions in this litigation to the District of Kansas and, with the consent of that court, assigned them to the Honorable Frank G. Theis for coordinated or consolidated pretrial proceedings. In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation, 406 F. Supp. 540 (J.P.M.L. 1975); 419 F. Supp. 710 (J.P.M.L. 1976). Since Volovski, Kennedy and Martone appeared to share factual questions with the previously transferred actions, the Panel entered orders conditionally transferring these three actions to the District of Kansas for inclusion in the pretrial proceedings under Section 1407. Plaintiffs in these actions have filed motions to vacate the

conditional transfer orders.  Defendant Robins favors transfer of all actions to the District of Kansas.[1]/

We find that these three actions raise questions of fact common to the previously transferred actions and that transfer of the three actions to the District of Kansas pursuant to Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Volovski was filed in the District of New Jersey as a class action on behalf of all women in New Jersey who have had a Dalkon Shield inserted.  The complaint in this action alleges that Robins' advertising concerning the Dalkon Shield violated New Jersey's Consumer Fraud Act.  Like many of the complaints in the actions in the transferee district, the complaints in Kennedy and Martone allege, inter alia, that defendant Robins was negligent in manufacturing, testing and marketing the Dalkon Shield.

During oral argument before the Panel, plaintiffs in Volovski conceded that this action shares questions of fact with the actions in the transferee district.  Transcript at 3.  These plaintiffs nonetheless contend that transfer of their action is inappropriate mainly because the theory of liability upon which Volovski is based differs

---

1/    All parties in Kennedy and Martone waived their right to oral argument and, accordingly, the question of transfer in those two actions was submitted for decision on the briefs.  See Rule 14, R.P.J.P.M.L., 65 F.R.D. 253, 264 (1975).

from the theories of liability in the actions in the transferee district.   Plaintiffs maintain that since this action involves solely New Jersey law, the district court in New Jersey is in the best position to interpret that law.

Plaintiffs in Kennedy and Martone assert that the majority of their witnesses reside in the respective districts wherein these actions were filed and that these witnesses would be inconvenienced by a Section 1407 transfer to Kansas.   Plaintiffs in Kennedy also contend that transfer of their action would be unfair because plaintiffs will be unable to travel to Kansas in order to participate in pretrial proceedings there.

In our two earlier opinions in this litigation, we have considered and rejected arguments very similar to those now made by all movants.   See In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation, supra, 419 F. Supp. at 711-12; 406 F. Supp. at 542.   Thus, under our previous opinions and orders, Volovski, Kennedy and Martone clearly should be included in the coordinated or consolidated pretrial proceedings in the District of Kansas.

We note that it is not peculiar for a federal district judge to be faced with applying law of a state other than the one wherein his or her district is located, and thus the presence of foreign state law in multidistrict litigation is of no particular consequence.

- 4 -

Moreover, since the parties and witnesses usually do not personally participate in pretrial conferences or hearings, it is unlikely that these individuals will ever have to travel to the transferee forum for pretrial under Section 1407.  Depositions of witnesses, of course, will probably occur in proximity to where they reside. Fed. R. Civ. P. 45(d)(2).  And in the event defendant Robins seeks to depose a plaintiff in a location not in proximity to where the plaintiff resides, the plaintiff may seek a protective order under Fed. R. Civ. P. 26(c)(2) to have the deposition taken in a more convenient place.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions entitled Volovski, et al. v. A. H. Robins Co., Inc., D. New Jersey, C.A. No. 76-690; Kennedy, et al. v. A. H. Robins Co., Inc., D. New Jersey, C.A. No. 77-183; and Martone, et al. v. A. H. Robins Co., Inc., S.D. Florida, C.A. No. 77-173-SMA, be, and the same hereby are, transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Frank G. Theis for coordinated or consolidated pretrial proceedings with the actions pending there.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL -7 1978

IN RE A.H. ROBINS CO., INC. "DALKON   )
SHIELD" IUD PRODUCTS LIABILITY        )     DOCKET NO. 211 PANEL
LITIGATION                            )     PATRICIA D. HOWARD
                                            CLERK OF THE PANEL

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER*, JUDGES OF THE PANEL.

PER CURIAM

The Panel, pursuant to 28 U.S.C. §1407, previously
has transferred several actions in this litigation to the
District of Kansas and, with the consent of that court,
assigned them to the Honorable Frank G. Theis for coordinated
or consolidated pretrial proceedings.  In re A.H. Robins
Co., Inc. "Dalkon Shield" IUD Products Liability Litigation,
438 F. Supp. 942 (J.P.M.L. 1977); 419 F. Supp. 710 (J.P.M.L.
1976); 406 F. Supp. 540 (J.P.M.L. 1975).  All the actions
in this litigation involve claims for injuries allegedly
incurred as the result of using the "Dalkon Shield" intra-
uterine device.  Defendant A.H. Robins Co., Inc. (Robins)
acquired all rights to the "Dalkon Shield" in June, 1970.

---

*     Judge Harper took no part in the decision of this matter.

Upon the suggestion of Judge Theis, the Panel issued
an order on February 17, 1978, as amended February 22, 1978,
to show cause why the actions listed on the following Schedule
A[1]/ should not be remanded to their transferor districts.[2]/
See Rule 11(c), R.P.J.P.M.L., 65 F.R.D. 253, 261 (1975).
Plaintiff in one of the actions makes a qualified objection
to remand.  Robins does not object to remand but requests
that the Panel's order of remand include suggestions to
the transferor judges concerning the further conduct of
the remanded actions.  Lead and liaison counsel for the
plaintiffs and one other counsel representing several plaintiffs
oppose any qualifications on remand.

We find that remand of the actions on Schedule A is
appropriate at this time and, accordingly, we order the
actions remanded to their respective transferor courts.
We decline to make any suggestions or include any qualifications
that could be perceived as attempts to direct the transferor
judges or to make any suggestions to them in the discharge of
duties and responsibilities committed solely to those judges.

---

[1]/   The Panel's order to show cause originally included
additional actions which have since been terminated in the
transferee district.  Accordingly, the question of remand
concerning these actions is now moot.

[2]/   Because the Panel anticipated opposition to remand
of these actions, a show cause order was issued instead
of a conditional remand order.  Compare Rule 11(f), R.P.J.P.M.L.,
65 F.R.D. 253, 262 (1975) with Rule 10(b), id. at 260.

The actions that Judge Theis has recommended for remand are actions that name Robins as the sole defendant.  Judge Theis states that while all pretrial proceedings have not been completed in these actions, all pretrial proceedings of a general nature have been concluded.  Judge Theis considers remand of these actions appropriate at this time because the objectives of centralized pretrial proceedings under Section 1407 have been achieved, and because completion of the remaining discovery and resolution of the remaining issues can most expeditiously be effectuated by the transferor courts.$\underline{3/}$

Plaintiff in one action supports remand of her action only if the Panel's order of remand expressly requires the transferor courts to allow the parties to continue local discovery.  Similarly, Robins also desires that the remand order protect the right of the parties to continue pretrial proceedings.  Additionally, Robins requests the Panel to suggest that all transferor courts consider Robins's national trial calendar in setting actions for trial.

In considering remand of actions, the Panel is greatly influenced by the transferee judge's suggestion that remand is appropriate.  In re Evergreen Valley Project Litigation, 435 F. Supp. 923, 924 (J.P.M.L. 1977).  When actions are transferred pursuant to Section 1407, it is recognized

---

3/    The matter of further pretrial proceedings in the transferor courts is discussed in Judge Theis's pretrial order dated November 28, 1977.

that in some cases situations exist where the purpose of
the statute has been satisfied and areas of discovery remain
that more properly can be concluded in the original transferor
district.   The statute contemplates that the transferee judge
will conduct the common pretrial proceedings with respect to
the actions and any other pretrial proceedings as the trans-
feree judge considers appropriate.   Id.   Judge Theis's suggestion
that remand of the actions on Schedule A is appropriate is
obviously an expression that he perceives his role under Section
1407 to be completed regarding those actions.   We adopt his
recommendation and order remand of the actions.

The Panel is neither empowered nor inclined to direct,
or suggest to, a transferor judge how he or she should conduct
further proceedings in actions after remand. The questions
regarding continuing pretrial proceedings and trial coordination
raised by some parties to this litigation, to the extent
not already addressed by the pretrial orders of the transferee
court, will be, upon remand, within the province of the
respective transferor courts.   See generally In re Air Crash
Disaster at Greater Cincinnati Airport (Constance, Kentucky)
on November 20, 1967, 354 F. Supp. 275 (J.P.M.L. 1973).
See also In re Equity Funding Corporation of America Securities
Litigation, 375 F. Supp. 1378, 1384 (J.P.M.L. 1974); In
re Plumbing Fixture Cases, 298 F. Supp. 484, 489 (J.P.M.L.
1968).

IT IS THEREFORE ORDERED that all actions on the following
Schedule A be, and the same hereby are, remanded to the
districts from which they were transferred.

DOCKET NO. 211                                          SCHEDULE A

DISTRICT OF KANSAS


Norma Sacks v. A. H. Robins Co.                Civil Action
(N.D. Cal., C75-0920-SAW)                      No. 76-46-C6

Peggy Darty v. A. H. Robins Co.                Civil Action
(D. Colo., 77-M-346)                           No. 77-1261-C6

Janette Allyn Hawkinson v. A. H. Robins        Civil Action
Co. (D. Colorado, 75-W-714)                    No. 76-82-C6

Mary Ikaza v. A. H. Robins Co.                 Civil Action
(D. Colorado, 76-W-103)                        No. 76-121-C6

Marie Meland v. A. H. Robins Co., Inc.         Civil Action
(D. Colo., 76-M-1212)                          No. 77-1089-C6

Rosalyn Fader v. A. H. Robins Co.              Civil Action
(D. Conn., H/75-281)                           No. 76-123-C6

Joan Cart v. A. H. Robins Co.                  Civil Action
(D.D.C., 77-0533)                              No. 77-1188-C6

Randy Medoff v. A. H. Robins Co.               Civil Action
(D.D.C., 77-0265)                              No. 77-1136-C6

Patricia Morse v. A. H. Robins Co.             Civil Action
(D.D.C., 76-1034)                              No. 76-363-C6

Lucille Robinson v. A. H. Robins Co.           Civil Action
(D.D.C., 76-0097)                              No. 76-122-C6

Rena Hutcheson v. A. H. Robins Co.             Civil Action
(M.D. Fla., 77-0274-Civ-BK)                    No. 77-1189-C6

Carol Ann McLester v. A. H. Robins Co.         Civil Action
(M.D.Fla., 77-294-Civ-J-S)                     No.77-1259-C6

Sharyn Frisbie v. A. H. Robins Co.             Civil Action
(M.D. Florida, 76-525-Civ-T-H)                 No. 76-365-C6

Gloria Koenig, et al. v. A. H. Robins Co.      Civil Action
(S.D. Florida, 76-1681-Civ-CF)                 No. 76-479-C6

Shelia Howard v. A. H. Robins Co.              Civil Action
(S.D.Fla., 76-1522-Civ-JLK)                    No. 76-478-C6

Lorraine Schwartz, et al. v. A.H.Robins Co.    Civil Action
(S.D.Fla., 77-2036-Civ-WMH)                    No. 77-1327-C6

Sherrill Marie Little v. A. H. Robins Co.,     Civil Action
Inc.,(N.D.Ga.,C74-62-G)                        No. 75-337-C6

Rebecca S. Hooker v. A. H. Robins Co.,         Civil Action
(N.D.Ga., C75-26-G)                            No. 75-339-C6

Phyllis Ann McGregor, et al. v. A. H.          Civil Action
Robins Co., (N.D.Ga., C75-1933A)               No. 76-50-C6

DOCKET NO. 211 - Continued
District of Kansas -- Continued                                    p.2

Wayne Mings, et ux, Brenda Mings v. A. H.        Civil Action
Robins Co. (N.D.Ga.,C75-2301A)                   No. 76-345-C6

Madelon Y. Mann, et al. v. A. H. Robins          Civil Action
Co. (N.D. Ga., C76-878A)                         No. 76-302-C6

Emilia N. Kelley v. A. H. Robins Co.             Civil Action
(N.D.Ga., C77-530A)                              No. 76-1191-C6

Linda S. Szot v. A. H. Robins Co.                Civil Action
(N.D. Ind.,75-167)                               No. 76-51-C6

Marilyn L. MacDougal, et al. v. A. H.            Civil Action
Robins Co. (S.D. Iowa, 76-185-2)                 No. 76-368-C6

Patricia Elizabeth Junkin v. A.H.Robins Co.      Civil Action
(N.D.Iowa,C77-2009)                              No. 77-1137-C6

Carita M. Curtis, et al. v.  A. H.               Civil Action
Robins Co. (W.D.Ky., C76-028C-L(A))              No. 76-369-C6

Norma R. And Eric Lee v. A. H.Robins Co.         Civil Action
(D. Md.,H-76-350)                                No. 76-170-C6

Sherry S. Atkinson v. A. H. Robins Co.           Civil Action
(D. Md., H-77-1213)                              No. 77-1371-C6

Catherine and Donald Gaffney v. A. H.            Civil Action
Robins Co. (D. Md., K-76-313)                    No. 76-171-C6

Kristine and Pierce Michael v. A. H.             Civil Action
Robins Co.  (D. Md., H-74-1158)                  No. 75-319-C6

Theresa Anne Buchanan, et al. v. A. H.           Civil Action
Robins Co. (D. Md., H-75-1336)                   No. 76-84-C6

Jeanne E. Gugino v. A. H. Robins Co.             Civil Action
(D. Mass., 77-1877-T)                            No. 77-1325-C6

Diane R. Plosia v. A. H. Robins Co.              Civil Action
(D. Mass., 77-2627-M)                            No. 76-373-C6

Ellen A. Pollack v. A. H. Robins Co.             Civil Action
(D. Mass., 77-1759-T)                            No. 77-1312-C6

Barbara & John Kelly v. A. H. Robins Co.         Civil Action
(D. Mass., 77-1122-S)                            No. 77-1264-C6

James P. & Mary E. Corcoran v. A. H.             Civil Action
Robins Co. (D. Mass., 77-665-T)                  No. 77-1138-C6

Kathleen A. & Daniel J. Holt v. A. H.            Civil Action
Robins Co. (D. Mass.,  77-255-S)                 No. 77-1121-C6

Andrea Bachner v. A. H. Robins Co., Inc.         Civil Action
(D. Mass., 76-4304)                              No. 76-521-C6

Cynthia G. & Charles Griffin v. A. H.            Civil Action
Robins Co. (D. Mass., 75-4841-S)                 No. 76-127-C6

Emily A. Samuels v. A. H. Robins Co.             Civil Action
(D. Massachusetts, CA74-5344-S)                  No. 75-321-C6

DOCKET NO. 211-Continued
District of Kansas -- Continued

| | |
|---|---|
| Donna M. & Michael A. McCormack v. A. H. Robins Co., Inc. (D. Mass., 75-4242-T) | Civil Action No. 76-126-C6 |
| Susan Johns v. A. H. Robins Co., Inc. (D. Mass., 75-2240-G) | Civil Action No. 76-124-C6 |
| Elaine & David Semick v. A. H. Robins Co., Inc. (D. Mass., 75-2965-G) | Civil Action No. 76-3-C6 |
| Maura Bliven v. A. H. Robins Co., Inc. (D. Mass., 75-0808-S) | Civil Action No. 75-302-C6 |
| Norma & Eric Lee v. A. H. Robins Co., Inc. (D. Mass., 76-891-C) | Civil Action No. 76-222-C6 |
| Mary & Anthony Shimansky v. A. H. Robins Co., Inc. (D. Mass., 76-4303-G) | Civil Action No. 77-1090-C6 |
| Patricia J. and George Motta v. A. H. Robins Co. (D. Mass., CA75-3884-S) | Civil Action No. 76-125-C6 |
| Janet Sheppard, et al. v. A. H. Robins Co. (D. Mass., 76-1187-F) | Civil Action No. 76-269-C6 |
| Gilda Katz, et al. v. A. H. Robins Co. (D. Mass., 75-2964-S) | Civil Action No. 76-64-C6 |
| Carolyn Jones v. A. H. Robins Co., Inc. (E.D.Mo., 76-670C3) | Civil Action No. 76-417-C6 |
| Julia Menapace v. A. H. Robins Co. (W.D. Mo., 77-5026-CV-SW) | Civil Action No. 77-1324-C6 |
| Judith B. and Michael J. McAloon v. A. H. Robins Co., (W.D.Mo., 77-0572-CV-W4) | Civil Action No. 77-1373-C6 |
| Theresa A. and Jack E. Troupe v. A. H. Robins Co. (W.D.Mo., 77-0161-CV-W2) | Civil Action No. 77-1260-C6 |
| Christine Mills v. A. H. Robins Co. (E.D.Mich., 770527) | Civil Action No. 77-1139-C6 |
| Ariste N. and James P. Mimkos v. A. H. Robins Co. (E.D.Mich., 570582) | Civil Action No. 75-345-C6 |
| Deborah Moore v. A. H. Robins Co. (E.D.Mich., 670898) | Civil Action No. 76-524-C6 |
| Margaret A. Talburtt v. A. H. Robins Co. (E.D.Mich., 672385) | Civil Action No. 77-1026-C6 |
| Judith and Sheldon Levin v. A. H. Robins Co. (E.D.Mich., 571853) | Civil Action No. 76-146-C6 |
| Suzanne and Daniel Conley v. A.H.Robins Co. (W.D.Mich., G77-144-CA1) | Civil Action No. 77-1192-C6 |

DOCKET NO. 211 -- Continued
District of Minnesota (Cont.)                                    p.4

Judith K. Miller v. A. H. Robins, Co.          Civil Action
(D.Minn., 2-76-101)                            No. 76-227-C6

Caryl A. and Earl R. Targe v. A. H. Robins,    Civil Action
Co., (D. Minn., 2-76-102)                       No. 76-228-C6

Karen R. Harschnik v. A. H. Robins Co.         Civil Action
(D. Minn., 2-76-103)                           No. 76-229-C6

Nancy E. and Duane A. Kiatt v. A. H.           Civil Action
Robins Co. (D.Minn., 2-76-105)                 No. 76-231-C6

Joyce K. and Daryl A. Anderson v. A. H.        Civil Action
Robins Co. (D. Minn., 2-76-312)                No. 76-445-C6

Bonnie Anderson, a/k/a Bonnie Fletcher v.      Civil Action
A. H. Robins Co. (D.Minn., 2-76-311)           No. 76-444-C6

Elizabeth C. and John L. Beiswanger v. A.      Civil Action
H. Robins Co. (D. Minn., 2-77-272)             No. 77-1287-C6

Eugenia K. and  Edward C. Brown v. A. H.       Civil Action
Robins Co. (D. Minn., 4-76-411)                No. 76-481-C6

Pamela J. and John H. Cameron v. A. H.         Civil Action
Robins  Co. (D. Minn., 3-77-189)               No. 77-1207-C6

Nancy J. Chase v. A. H. Robins Co.             Civil Action
(D. Minn., 2-77-4)                             No. 77-1049-C6

Susan E. Czapiewski v. A. H. Robins Co.        Civil Action
(D. Minn., 2-77-14)                            No. 77-1059-C6

Gail Pons and Richard Charles Dodge v. A.      Civil Action
H. Robins Co. (D. Minn., 4-76-81)              No. 76-173-C6

Donna J. and Lester R. Drankwalter v. A. H.    Civil Action
Robins Co. (D. Minn., 2-77-275)                No. 77-1290-C6

Connie C. and Mark A. Enstad v. A. H.          Civil Action
Robins Co. (D. Minn., 2-76-310)                No. 76-413-C6

Phyllis and Michael Fair v. A. H. Robins       Civil Action
Co. (D. Minn., 4-77-162)                       No. 77-1258-C6

Deloris A. and David M. Fix v. A. H. Robins    Civil Action
Co. (D. Minn., 2-77-276)                       No. 77-1291-C6

Ann L. Long v. A. H. Robins Co.                Civil Action
(D. Minn., 2-77-284)                           No. 77-1299-C6

Joan M. Miller v. A. H. Robins  Co.            Civil Action
(D. Minn., 2-77-285)                           No. 77-1300-C6

Christine E. and Thomas K. Morrison v.         Civil Action
A. H. Robins Co. (D. Minn.,3-76-401)           No. 76-505-C6

Susan E. Ode v. A. H. Robins Co.               Civil Action
(D. Minn., 2-77-286)                           No. 77-1301-C6

DOCKET NO. 211 -- Continued
District of Kansas (Cont.)                                    p. 5

Claudia E. and Donald L. Goodrich v.            Civil Action
A. H. Robins Co. (D. Minn., 2-76-314)           No. 76-447-C6

M. Denise Hatton v. A. H. Robins Co.            Civil Action
(D. Minn., 2-77-278)                            No. 77-1293-C6

Eileen E. and Peter S. Heno v. A. H.            Civil Action
Robins Co. (D. Minn., 2-77-279)                 No. 77-1294-C6

Rochelle and William B. Itman v. A. H.          Civil Action
Robins Co. (D. Minn., 2-77-280)                 No. 77-1295-C6

Teresa G. and Peter A. Ivanca v. A. H.          Civil Action
Robins Co. (D. Minn., 2-77-281)                 No. 77-1296-C6

Margaret A. Johansen v. A. H. Robins Co.        Civil Action
(D. Minn., 4-77-278)                            No. 77-1372-C6

Nora E. and Kenneth J. Jost v. A. H.            Civil Action
Robins Co. (D. Minn., 4-77-217)                 No. 77-1296-C6

Deanna and Neil Kreeck v. A. H. Robins          Civil Action
Co. (D. Minn., 2-77-6)                          No. 77-1051-C6

Darlene R. and Gerald D. Krenzke v. A.H.        Civil Action
Robins Co. (D. Minn., 2-76-98)                  No. 76-224-C6

Margaret L. and Richard C. Litchfield v.        Civil Action
A.H. Robins Co. (D. Minn., 2-77-283)            No. 77-1298-C6

Renee K. Stoltzman v. A. H. Robins Co.          Civil Action
(D. Minn., 2-77-5)                              No. 77-1050-C6

Arline B. Sweeney  v. A. H. Robins Co.          Civil Action
(D. Minn., 2-77-8)                              No. 77-1053-C6

Pamela S. and Richard S. Olek v. A. H.          Civil Action
Robins Co. (D. Minn., 2-77-287)                 No. 77-1302-C6

Mae M. and Gordon R. Panitzke v. A. H.          Civil Action
Robins Co. (D. Minn., 2-77-288)                 No. 77-1303-C6

Wendy J. and Norman E. Peterson v. A. H.        Civil Action
Robins Co. (D. Minn., 2-77-15)                  No. 77-1060-C6

Sandra L. and Allan E. Pint v. A. H.            Civil Action
Robins Co. (D. Minn., 4-76-396)                 No. 76-454-C6

DOCKET NO. 211 -- Continued
District of Kansas (Cont.)                              p.6

| | |
|---|---|
| Judith M. and Gary M. Thompson v. A. H. Robins Co. (D. Minn.,2-76-104) | Civil Action No. 76-1300-C6 |
| Karen E. and John A. Torgerson v. A. H. Robins Co. (D. Minn., 2-77-292) | Civil Action No. 77-1307-C6 |
| Diane Voeller v. A. H. Robins Co. (D. Minn., 2-77-293) | Civil Action No. 77-1308-C6 |
| Gloria E. and Alan Weinblatt v. A. H. Robins Co. (D. Minn., 2-77-294) | Civil Action No. 77-1309-C6 |
| Barbara J. and Dennis G. Woodward v. A. H. Robins Co. (D. Minn., 2-77-295) | Civil Action No. 77-1310-C6 |
| Cheryl J. and David J. Wozniak v. A. H. Robins Co. (D. Minn., 2-77-296) | Civil Action No. 77-1311-C6 |
| Marilyn M. and Ronald L. Reed v. A.H. Robins Co. (D. Minn., 2-77-289) | Civil Action No. 77-1304-C6 |
| Susan R. and Stephen J. Stedman v. A.H. Robins Co. (D. Minn., 2-77-7) | Civil Action No. 77-1052-C6 |
| Nancy and David Fauquier v. A. H. Robins Co. (D. New Jersey, CA74-1408) | Civil Action No. 75-325-C6 |
| Alida Naeder v. A. H. Robins Co. (E.D.N.Y., 76C-1818) | Civil Action No. 76-485-C6 |
| Reba Fortenberry v. A. H. Robins Co. (W.D.N.C. SH-C-75-201) | Civil Action No. 76-344-C6 |
| David Joe Fortenberry v. A. H. Robins Co. (W.D.N.C. SH-C-76-153) | Civil Action No. 76-487-C6 |
| Bonnie S. Lazarus v. A.H. Robins Co. (W.D.N.C.   C-C-76-99) | Civil Action No. 76-221-C6 |
| Phyllis M. Fowler v. A. H. Robins Co. (D.N.D.  A-77-3002) | Civil Action No. 77-1063-C6 |
| Lynn Ellen and Larry Foster Jones v. A. H. Robins Co. (S.D.OH  C-3-76-90) | Civil Action No. 76-311-C6 |
| Nora G. Barton v. A. H. Robins Co. (S.D. OH   C-2-74-344) | Civil Action No. 76-12-C6 |
| Debra and Allen Nichol v. A. H. Robins Co. (S.D. Ohio, C-2-75-304) | Civil Action No. 75-332-C6 |

DOCKET NO. 211 -- Continued
District of Kansas (Cont.)

p. 2

| | |
|---|---|
| Edith Euline Baston v. A. H. Robins Co. (W.D. OK, Civ-76-0038) | Civil Action No. 76-93-C6 |
| Joan E. Moore v. A. H. Robins Co., Inc. (D. Oregon, 75-836) | Civil Action No. 76-184-C6 |
| Majorie DeBoer v. A. H. Robins Co. (D. Mont., CV77-56-BU) | Civil Action No. 77-1407-C6 |
| Candance West v. A. H. Robins Co. (D. Nebr., 76-O-322) | Civil Action No. 76-455-C6 |
| Patricia W. Kennedy, et al. v. A. H. Robins Co. (D. N.J., 77-0945) | Civil Action No. 77-1268-C6 |
| Lynda Denise and James Sutherland v. A. H. Robins Co., (D. N.J., 77-0750) | Civil Action No. 77-1062-C6 |
| Andrea Lagana, et al. v. A. H. Robins Co. (E.D.N.Y., 75C1413) | Civil Action No. 76-88-C6 |
| Emily Malin, et al. v. A. H. Robins Co. (E.D.N.Y., 76C544) | Civil Action No. 76-457-C6 |
| Elizabeth Parbst, et al. v. A. H. Robins Co. (E.D.N.Y., 75C386) | Civil Action No. 76-68-C6 |
| Laura Reifman, et al. v. A. H. Robins Co. (E.D.N.Y., 75C698) | Civil Action No. 75-327-C6 |
| Janyce H. Wziontka v. A. H. Robins Co. (N.D. N.Y., 76CV345) | Civil Actions No. 76-456-C6 |
| Denise Gelberg and Charles Wilson v. A. H. Robins Co. (N.D.N.Y., 76 CV111) | Civil Action No. 76-191-C6 |
| Mary L. and Cleveland Brooks v. A. H. Robins Co. (W.D.N.Y., Civ 76-21) | Civil Action No. 76-190-C6 |
| Noreen and Philip Mancini v. A. H. Robins Co. (W.D.N.Y., Civ 76-502) | Civil Action No. 76-519-C6 |
| Mary Ellen Olds v. A. H. Robins Co. (W.D.N.Y., Civ 76-275) | Civil Action No. 76-461-C6 |
| Gaik Sim Taylor v. A. H. Robins Co. (E.D.N.C., 75-23-Civ-3) | Civil Action No. 76-70-C6 |
| Janet H. Faltz v. A. H. Robins Co. (M.D.N.C., C76-85-D) | Civil Action No. 76-147-C6 |

DOCKET NO. 211 -- Continued
District of Kansas (Cont.)                                    p.8

Alice and Kenneth Dolan v. A. H. Robins           Civil Action
Co. (N. D. OH  C-75-37)                            No. 75-330-C6

Joanne and Sheldon J. Donner v. A. H.             Civil Action
Robins Co. (N. D. OH C-75-708)                     No. 76-54-C6

Lynda L. and Benjamin P., Jr., Fisco v.           Civil Action
A. H. Robins Co. (N. D. OH  C-75-487)              No. 76-10-C6

                      et al. v. A. H. Robins       Civil Action
Co.  (N. D. OH  C-76-21A)                           No. 76-156-C6

Elizabeth A. Myers v. A. H. Robins Co.,           Civil Action
(N. D. OH  C75-1111)                               No. 76-91-C6

Carolyn A. and Terry E. Niemann v. A. H.          Civil Action
Robins Co. (N. D. OH  C-75-1112)                   No. 76-92-C6

Marcia M. and  William R. Fazekas v.              Civil Action
A. H. Robins Co. (N. D. OH  C75-740)               No. 76-53-C6

Patrice and Mark Jones v. A. H. Robins Co.        Civil Action
(W. D. PA.    77-235)                              No. 77-1194-C6

Valerie A. Steinmetz v. A. H. Robins Co.          Civil Action
(D. OR.  76-716)                                   No. 76-133-C6

Melodee A. and Daniel R. Taylor v. A. H.          Civil Action
Robins Co. (M. D. PA. 75-739)                      No. 76-63-C6

Delight Howard v. A. H. Robins Co.                Civil Action
(D. R.I.  77-0187)                                 No. 77-1211-C6

Stella Louise and William G. Jones v.             Civil Action
A. H. Robins Co. (E. D. TN  2-75-77)               No. 76-137-C6

Rosemary Lane v. A. H. Robins Co.                 Civil Action
(E.D.Pa., 77-2073)                                 No. 77-1326-C6

Margaret and Allan Ott v. A. H. Robins Co.        Civil Action
(E.D.Pa., 75-2765)                                 No. 76-135-C6

Diann and Robert Campbell v. A. H. Robins         Civil Action
Co. (E.D. Pa., 77-350)                             No. 77-1143-C6

DOCKET NO. 211 -- Continued
District of Kansas (Cont.)                          p. 9

Janet Reif, et al. v. A.H. Robins               Civil Action
  (E.D.Pa., 76-1650)                            No. 76-301-C6

Margaret Paslee v. A. H. Robins Co.             Civil Action
  (E.D.Pa., 75-2235)                            No. 76-134-C6

Sandra Meoli, et al. v. A. H. Robins Co.        Civil Action
  (E.D.Pa., 74-2389)                            No. 75-328-C6

Carol Ann Blackwood, et al. v. A. H. Robins     Civil Action
Co. (D. Rhode Island, 75-376)                   No. 76-136-C6

Letty Darlene Bennette v. A. H. Robins          Civil Action
Co.(D.S.Car., 76-478)                           No. 76-235-C6

Robert H. Garrison, Jr. v. A. H. Robins         Civil Action
Co.  (D.S.Car., 77-1151)                        No. 77-1323-C6

Elva and Jason Polk v. A. H. Robins Co.         Civil Action
  (E.D. Tex., S75-102-CA)                       No. 76-138-C6

Marguerite Irene Donsky v. A. H.Robins          Civil Action
Co. (E.D. Tex., S76-31-CA)                      No. 76-196-C6

Deborah and Larry Brooks v. A. H. Robins        Civil Action
Co. (N.D. Tex., CA-3-77-145-F)                  No. 77-1124-C6

Wanda Carol Hauk, et vir. v. A. H. Robins       Civil Action
Co., Inc. (N.D. Texas, CA3-75-1574-F)           No. 76-99-C6

Rosamond Wilhite v. A. H. Robins Co.            Civil Action
  (W.D. Texas, A-76-CA-71)                      No. 76-245-C6

Catherine and Gary Keller v. A. H. Robins       Civil Action
Co. (D. Utah, C76-221)                          No. 76-381-C6

Mary Aube v. A. H. Robins Co.                   Civil Action
  (D. Vt., C76-263)                             No. 77-1030-C6

Jean J. & Mufti  Akhtar v. A. H. Robins         Civil Action
Co. (W.D.Wisc., 77C40)                          No. 77-1125-C6

Susan Stephens, et al. v. A. H. Robins          Civil Action
Co. (D. Minn., 76-205)                          No. 76-299-C6

Ada M. Parrilo, et al. v. A. H. Robins          Civil Action
Co. (D. R.I., 76-0075)                          No. 76-174-C6

Wanda Lasher, et al. v. A. H. Robins            Civil Action
Co. (M.D.Pa., 77-100)                           No. 77-1123-C6

LuAnn Stephens v. A. H. Robins Co.              Civil Action
  (D. Nebr., 76-O-297)                          No. 76-375-C6

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN -8 1981

PATRICIA D. HOWARD
CLERK OF THE PANEL

1/8/81

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE A. H. ROBINS CO., INC. "DALKON SHIELD"      )
IUD PRODUCTS LIABILITY LITIGATION                 )
                                                  )
Susan Costello v. A. H. Robins Co., Inc.,         )
  D. Nebraska, C.A. No. 80-O-460                  )
Carol Soucy, et al. v. A. H. Robins Co., Inc.,    )
  D. New Hampshire, C.A. No. C80-384-D            ) DOCKET NO. 211
Jo Ann Cowan v. A. H. Robins Co., Inc., et al.,   )
  N.D. California, C.A. No. C-80-3086-SW          )
Claire C. Sharpe v. A. H. Robins Co., Inc., et    )
  al., N.D. California, C.A. No. C-80-3099-SW     )
Angela Gallop v. A. H. Robins Co., Inc.,          )
  et al., N.D. California, C.A. No. 80-3138-SW    )

OPINION AND ORDER
————————————

BEFORE ANDREW A. CAFFREY, CHAIRMAN, AND ROY W. HARPER,
CHARLES R. WEINER, EDWARD S. NORTHROP, ROBERT H. SCHNACKE,
FREDERICK A. DAUGHERTY, AND SAM C. POINTER, JR., JUDGES
OF THE PANEL.

PER CURIAM

     The Panel has previously transferred, pursuant to

28 U.S.C. §1407, actions in this litigation to the District

of Kansas and, with the consent of that court, assigned

them to the Honorable Frank G. Theis for coordinated or

consolidated pretrial proceedings.[1]  This litigation has

grown to include over 971 actions of which about 300 have

been settled and dismissed in the transferee district and

approximately 441 have been remanded by the Panel to their

_____

[1]  In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products
Liability Litigation, 406 F. Supp. 540 (J.P.M.L. 1975);
419 F. Supp. 710 (J.P.M.L. 1976); 438 F. Supp. 942 (J.P.M.L.
1977).

respective transferor courts following receipt of suggestions of remand from Judge Theis.[2/]  The complaints in the actions in the transferee district basically allege that:  1) defendant A. H. Robins Company, Inc., (Robins) promoted and labeled an intrauterine device known as the Dalkon Shield in a manner that was misleading and that failed to warn the prospective wearer of the dangers of the Dalkon Shield; and 2) Robins was negligent in the design, testing, manufacture, inspection and/or distribution of the Dalkon Shield.  Additional defendants in the actions in the transferee district include plaintiffs' personal physicians, hospitals and/or clinics, and two physicians who have served as medical consultants to Robins and who at one time held proprietary rights and interests in the Dalkon Shield.

The transferee judge has reported to the Panel that common discovery relating to product liability has been completed in the transferee district.  Three months ago the Panel considered the objections of Robins to the transfer of nineteen potential tag-along actions that were pending in the Northern District of California.  The Panel denied transfer with respect to those nineteen actions, holding in relevant part as follows:

2/  See, e.g., In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation, 453 F. Supp. 108 (J.P.M.L. 1978).

On the basis of the papers filed, the Panel is persuaded that transfer of these actions would neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation. Robins stresses that pretrial proceedings are no longer active in the MDL-211 transferee district and that the primary purpose for transfer of new tag-along actions has been limited to obtaining the benefits and restrictions deriving from the pretrial orders entered by the transferee judge. Robins urges that this purpose can be accomplished, with respect to Northern District of California actions, without transfer under Section 1407 because 1) the court in the Northern District of California has consolidated, pursuant to local rules, all Dalkon Shield actions in that district (including actions already remanded from the transferee district and newly filed actions), and 2) voluntary coordination between the Kansas and California courts, parties and counsel can secure the benefits of Section 1407 transfer while avoiding the frustration of the local consolidation in the Northern District of California which transfer of these nineteen actions would generate. In view of the unanimous agreement by the parties to the nineteen actions that transfer should be denied, and considering the framework for processing Dalkon Shield actions established by the court in the Northern District of California, we agree that transfer of the nineteen actions is inappropriate. [Footnote omitted.]

In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation, Docket No. 211 (J.P.M.L., Oct. 7, 1980) (unpublished order).

The first above-captioned action (Costello) was brought against Robins in July, 1980. Plaintiff is a woman who alleges that she suffered injuries from using the Dalkon Shield which required her to undergo a hysterectomy. Plaintiff seeks recovery under theories of negligence, fraud and malice, failure to warn, and breach of warranties.

The second above-captioned action (Soucy) was brought against Robins in August, 1980. Plaintiffs are a husband and wife who allege that the wife suffered permanent injuries

as a result of using the Dalkon Shield.  Plaintiffs seek
recovery under theories of negligence, gross negligence,
strict liability, and breach of express and implied warranties.

The remaining three above-captioned actions (the Northern
District of California actions) also incorporate allegations
against Robins based on theories of negligence, breach
of warranties, and/or strict liability in tort.

Because Costello, Soucy and the Northern District
of California actions appeared to share questions of fact
with the actions in this docket previously transferred
to the District of Kansas, the Panel, pursuant to Rule
9, R.P.J.P.M.L., 78 F.R.D. 561, 567-68 (1978), entered
orders conditionally transferring the actions to that district
for inclusion in the centralized pretrial proceedings occurring
there.  Plaintiffs in Costello and Soucy oppose transfer
of their respective actions.  Robins favors transfer of
Costello and Soucy and opposes transfer of the Northern
District of California actions.

We find that transfer of Costello, Soucy and the Northern
District of California actions at this time would not serve
the convenience of the parties and witnesses or promote
the just and efficient conduct of the Dalkon Shield litigation.
Accordingly, we vacate the conditional transfer orders
entered with respect to the five actions.[3/]

---

[3/]  The parties to these five actions waived their opportunity
for oral argument and therefore the question of transfer
of the five actions under 28 U.S.C. §1407 was submitted
on the briefs.  Rule 14, R.P.J.P.M.L., 78 F.R.D. 561, 572
(1978).

Although we recognize that these actions share questions of fact with actions previously transferred in this litigation, we are not persuaded that transfer under Section 1407 remains appropriate for newly filed actions in this docket.  This litigation has been pending for over five years and discovery of common issues has been completed in the transferee district. This completed discovery can be made available to the parties in the actions before the Panel without recourse to Section 1407.  For example, the judges to whom the five actions are assigned could issue orders to show cause why all discovery heretofore completed in the transferee district should not be made applicable to the actions.  See Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977). Judge Theis, as transferee judge, has also prepared a final pretrial order[4/] which has been entered in the actions which have already been remanded in this docket.  That order is available to the parties, counsel and judges involved in these five actions, can provide a convenient expression of the conclusions of the transferee judge which have been reached through his familiarity with the litigation, and can serve as an aid in avoiding duplication of discovery and preventing inconsistent pretrial rulings.  See In re Seeburg-Commonwealth United Merger Litigation, 415 F. Supp. 393, 396 (J.P.M.L. 1976).

---

4/   See In re A.H. Robins Co., Inc., "Dalkon Shield" IUD Products Liability Litigation, Docket No. 211 (D. Kan., Nov. 28, 1977) (unpublished order).

Finally we note that the use of alternatives to transfer under Section 1407 will eliminate the problems of coordination faced by courts that have been attempting to structure proceedings in their respective districts which encompass both remanded Dalkon Shield actions and newly filed Dalkon Shield actions. 5/

IT IS THEREFORE ORDERED that the conditional transfer orders concerning the actions entitled Susan Costello v. A. H. Robins Co., Inc., D. Nebraska, C.A. No. 80-O-460; Carol Soucy, et al. v. A. H. Robins Co., Inc., D. New Hampshire, C.A. No. C80-384-D; Jo Ann Cowan v. A. H. Robins Co., Inc., et al., N.D. California, C.A. No. C-80-3086-SW; Claire C. Sharpe v. A. H. Robins Co., Inc., et al., N.D. California, C.A. No. C-80-3099-SW; and Angela Gallop v. A. H. Robins Co., Inc., et al., N.D. California, C.A. No. 80-3138-SW, be, and the same hereby are, VACATED.

5/  As a consequence of the Panel's decision herein, the Panel will no longer issue conditional transfer orders in this docket.  Accordingly, the parties to this litigation are relieved of their responsibility, pursuant to Rule 10(e), R.P.J.P.M.L., supra, 78 F.R.D. at 568-69, to notify the Clerk of the Panel of the pendency of any potential tag-along actions in which they are named.

DOCKET NO. 211

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 24 1981

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE A. H. ROBINS COMPANY, INC., "DALKON SHIELD" IUD PRODUCTS
LIABILITY LITIGATION

ORDER DEEMING MOTION WITHDRAWN

This matter is before the Panel pursuant to a motion
by the lead and liaison counsel for plaintiffs in the transferee
district in the above-captioned litigation for an order
to reopen discovery and to clarify procedures for newly-filed
actions, and for an order pertaining to attorney fees and
expenses.  Movant now desires to withdraw the motion, and
no other party to the litigation has responded in support
of the motion.

IT IS THEREFORE ORDERED that the movant's request to
withdraw the motion be granted and that the motion be,
and the same hereby is, DEEMED WITHDRAWN.

FOR THE PANEL:

Andrew A. Caffrey
Chairman